| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA §
§
*versus* § CRIMINAL ACTION NO. 1:13-CR-15
§
BRAXTON LEVI HUGHES §
§

### ORDER REGARDING MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Upon motion of the Defendant under 18 U.S.C. § 3582(c)(1)(A)(i) to modify the term of imprisonment imposed based on extraordinary and compelling circumstances, and having considered such motion, and taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a) and the policy statement set forth in USSG §1B1.13(2), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑ DENIED.  ☐ GRANTED and defendant's previously imposed sentence of imprisonment of _____ months is **reduced to** _____.

**I.  ADMINISTRATIVE REMEDIES**

The Defendant ☑ HAS ☐ HAS NOT exhausted all administrative remedies.

**II.  FINDINGS REGARDING EXTRAORDINARY AND COMPELLING REASONS**

A.  Specified Medical Conditions

The Defendant ☐ IS ☑ IS NOT suffering from a terminal illness,
the Defendant ☐ IS ☑ IS NOT suffering from a serious physical or medical condition,
the Defendant ☐ IS ☑ IS NOT suffering from a serious functional or cognitive impairment, or
the Defendant ☐ IS ☑ IS NOT experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Additional Comments:

Defendant does not allege, and Probation's investigation did not reveal, any medical needs warranting compassionate release. In his Presentence Investigation Report ("PSR"), prepared in 2013, Defendant reported that he was healthy, had no history of chronic illnesses or serious medical conditions, and was not taking any medications. He is currently classified by the BOP as a Care Level 1 inmate, indicating that he is generally healthy. Warden H. Quay denied his request for compassionate release on August 24, 2020, because he has "not been diagnosed with a terminal, incurable disease with a life expectancy of eighteen months or less, [is] able to care for [his] daily needs, and [is] not confined to a bed or wheelchair for greater than fifty percent of [his] waking day."

    B.    Defendant's Age

The Defendant [ ] IS [✔] IS NOT at least 65 years old.
The Defendant [ ] IS [✔] IS NOT experiencing a serious deterioration in physical or mental health because of the aging process.
The Defendant [✔] HAS [ ] HAS NOT served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

Additional Comments:

Defendant is 37 years old and has completed 93 months (approximately 97%) of his 96-month sentence of imprisonment. His projected release date is January 28, 2021.

    C.    Defendant's Family Needs

The Defendant [ ] HAS [✔] HAS NOT experienced the death or incapacitation of the caregiver of the defendant's minor child or minor children.
The Defendant [ ] HAS [✔] HAS NOT experienced the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

Additional Comments:

Defendant states that his 12-year old son "really needs [him and] he has suffered the worst consequences for my actions." According to Defendant's PSR, his son resides with the his mother in Lumberton, Texas. Probation contacted Defendant's mother, Mrs. Peyton, who advised Probation that she picks up her grandson every other weekend from his mother's care. Mrs. Peyton further stated that her grandson is a well-adjusted child and receives supportive care from herself and his mother.

    D.    Other Reasons

The Defendant [ ] HAS [✔] HAS NOT identified other extraordinary and compelling reasons.

Additional Comments:

Defendant's request is based on the potential spread of COVID-19 and his fear of contracting the disease as an extraordinary and compelling reason for compassionate release, which courts have repeatedly held to be insufficient grounds for relief. Defendant is housed at United States Penitentiary Allenwood ("USP Allenwood") in White Deer, Pennsylvania. As of October 27, 2020, BOP statistics list 3 inmates and 2 staff members who are currently positive for COVID-19 at USP Allenwood, 4 inmates and 1 staff member who have recovered, and 0 inmates who have succumbed to the disease. Thus, it appears that the facility is handling the outbreak appropriately and providing adequate medical care.

**III.     USSG § 1B1.13(2) FINDINGS**

Having considered the policy statement regarding compassionate release the court concludes that:

☑ The Defendant has not demonstrated that he/she would not pose a danger to the safety of any other person or the community, if released.
☐ The Defendant likely would pose a danger to the safety of any other person or the community, if released.
☐ The Defendant would not pose a danger to the safety of any other person or the community, if released.

Additional Comments:

**IV.     18 U.S.C. § 3553(a) FINDINGS**

The nature and circumstances of his offense of conviction entail Defendant's unlawful possession of firearms by a felon and his selling nine stolen firearms and ammunition to undercover officers as well as one stolen firearm and ammunition to his stepfather. Defendant has an extensive criminal history including prior convictions for burglary of a building (3), burglary of a motor vehicle (2), unauthorized use of a motor vehicle, evading arrest with a vehicle, theft (2), possession of marijuana, public intoxication, and failure to appear. Additionally, Probation notes that "since the age of 17, Mr. Hughes has been arrested over 20 times, [which] include two separate arrests for committing the offense of Robbery, Aggravated Assault with a Deadly Weapon, and Assault-Family Violence." Defendant previously failed to comply with terms of probation and has a history of poly-substance abuse. Under the circumstances, the court cannot conclude that Defendant would not pose a danger to the safety of any other person or to the community, if released from confinement at this time.

SIGNED at Beaumont, Texas, this 1st day of November, 2020.

*Marcia A. Crone*
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE